# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN WALKER, KENDAL WALKER, KAMERON WALKER, KRISTOPHER WALKER, KENYA WALKER, and ESTATE OF YVONNE WARE,

    Plaintiffs,

v.

MILWAUKEE COUNTY and PENSION BOARD OF THE EMPLOYEES' RETIREMENT SYSTEM OF THE COUNTY OF MILWAUKEE,

    Defendants.

Case No. 20-CV-1605-JPS

**ORDER**

## 1. INTRODUCTION

On October 21, 2020, Defendants removed *Kevin Walker v. Milwaukee County*, Case No. 2015CV006288, from Milwaukee County Circuit Court to this Court. (Docket #1). Shortly thereafter, Defendants filed a motion to dismiss and a brief in support of the same. (Docket #6, #17). Plaintiffs filed a motion to remand this action to state court pursuant to 28 U.S.C. § 1447, (Docket #12), and a motion in which they requested that this Court enlarge their time to respond to Defendants' motion to dismiss until after the Court rules on Plaintiffs' motion for remand. (Docket #16). The Court subsequently granted Plaintiffs' motion for an extension of time. As explained in the balance of this Order, the Court will grant Plaintiffs' motion for remand because Defendants' removal was untimely.

## 2. FACTUAL AND PROCEDURAL BACKGROUND

On July 30, 2015, Plaintiffs Kevin, Kendal, Kameron, and Kristopher Walker (the "Original Plaintiffs") filed a lengthy "Petition for Writ of Certiorari, Request for De Novo Review, and Complaint for Declaratory and Injunctive Relief," (hereinafter, the "Omnibus Pleading"). (Docket #2-1). The Original Plaintiffs' claims therein stemmed from the Milwaukee County Employees' Retirement System's ("ERS") determination that it had been paying survivorship benefits to Plaintiffs in error on behalf of their deceased grandmother, Yvonne Ware, who had worked for Milwaukee County up until her death. (*Id.* at 1–2). According to the Original Plaintiffs, after they appealed ERS's determination to the Pension Board of ERS, the Pension Board denied the appeal, directed that ERS stop all payments to the Original Plaintiffs, and demanded that the County Corporation Counsel recover the bulk of the payments previously made to them. (*Id.* at 2).

Within the Omnibus Pleading, the Original Plaintiffs sought certiorari review, pursuant to Wisconsin Statute section 68.13(1), of state administrative or quasi-judicial proceedings before the ERS and the Pension Board. (*Id.* at 7–9). Understanding that the Milwaukee County Circuit Court's certiorari review would be deferential and limited in scope, the Original Plaintiffs asked the circuit court to review, de novo, "their assertion[s] that they were not provided due process, that ERS breached its fiduciary duties, that ERS violated Wisconsin's Open Records law," as well as their "other equitable arguments."(*Id.* at 9).

In October 2015, the circuit court ordered that Original Plaintiffs "may file a complaint detailing their claims concerning the alleged open records violation." (Docket #2-3 at 1). According to Defendants, the circuit court ordered this separate pleading because it "assess[ed] that an open

records claim could not be included in a writ of certiorari." (Docket #1 at 2). The circuit court issued one order in which it (1) gave the Original Plaintiffs leave to file a complaint regarding their open records claims and (2) provided separate briefing schedules as to both the certiorari action and the open records complaint. (*See* Docket #2-3). Shortly thereafter, Plaintiffs filed "Plaintiffs' 2nd Amended Complaint for Violation of Wisconsin's Open Records Law." (Docket #2-2).

In June 2016, Judge Richard Sankovitz[1] of the Milwaukee County Circuit Court issued a decision on the Original Plaintiffs' certiorari petition, upholding ERS and the Pension Board's determinations that the Original Plaintiffs were ineligible to receive survivorship benefits and dismissing the petition for certiorari. (Docket #7-4 at 21, Docket #2-3). Thereafter, the Original Plaintiffs proceeded with their open records claim. According to Defendants' notice of removal, the Original Plaintiffs sought to file amended complaints, first on November 11, 2016, (*see* Docket #2-7), and then on December 29, 2016, (*see* Docket #2-12). (Docket #1 at 2). Milwaukee County Circuit Court Judge Clare Fiorenza denied the Original Plaintiffs' motions to amend on April 3, 2017. (Docket #2-15 at 12–13). However, on August 17, 2019, Judge Carl Ashley issued an order reversing Judge Fiorenza's decision and gave the Original Plaintiffs leave to amend their complaint. (Docket #2-20).

On September 21, 2020, Plaintiffs—who now included Kenya Walker and the Estate of Yvonne Ware—filed an amended complaint (the "Fifth Amended Complaint") alleging that, in addition to violating Wisconsin's

---

[1] Due to Milwaukee County Circuit Court's practice of judicial rotation, this case was eventually brought before Judge Clare Fiorenza and, subsequently, Judge Carl Ashley, before Defendants removed it to federal court.

open records law, (1) the Pension Board hearing and the Certiorari Review Process violated Plaintiffs' Procedural and Substantive Due Process rights, (Docket #2-4 at 48–54) and (2) Defendants violated Plaintiffs' right to Equal Protection under the Fourteenth Amendment to the United States Constitution, (*id.* at 57–58). Plaintiffs also alleged a Fourteenth Amendment claim pursuant to 42 U.S.C. § 1983 and sought attorneys' fees under both § 1983 and § 1988(b). (*Id.* at 58–60).

Defendants filed a notice of removal on October 21, 2020, asserting that their removal was timely because "30 days ha[d] not expired since September 21, 2020–-the date on which Plaintiffs filed their Fifth Amended Complaint. (Docket #1 at 4). Now before the Court is Plaintiffs' motion to remand this case back to state court pursuant to 28 U.S.C. § 1447(c). (Docket #12). Plaintiffs aver that Defendants' removal was improper on three grounds, including that it is untimely under § 1446(b)(1). (*Id.* at 2). Because the Court agrees, it does not address Plaintiffs' other arguments as to why Defendants' removal was improper.

3.     **LEGAL STANDARD**

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . embracing the place where such action is pending" § 1441(a). Pursuant to § 1446(b)(1):

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

In other words, "if a case filed in state court, though removable to federal court, is not removed . . . within 30 days of the receipt of the complaint, it is

not removable thereafter." *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982). The Seventh Circuit explained that this time limitation serves

> to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.

*Id.* However, there is a longstanding, judicially-created exception when an amended complaint "so change[s] the character of the litigation as to make it substantially a new suit begun that day." *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886); *see Wilson*, 668 F.2d at 965. If the amended complaint substantially changes the nature of the case, "then a defendant is given additional time to seek removal." *Dartmouth Plan, Inc. v. Delgado*, 736 F. Supp. 1489, 1492 (N.D. Ill. 1990). Justification for this rule "rests on the judicial determination that a willingness to remain in the state court for one cause does not show, nor does it constitute a waiver, as to some quite different cause." *Dow Corning Corp. v. Schpak*, 65 F.R.D. 72, 75 (N.D. Ill. 1974). "For an amended claim to give rise to a new right of removal, it must do more than merely assert a new legal theory of recovery based on the same set of facts." *McKenna v. Brassard*, 704 F. Supp. 309, 311 (D. Mass. 1989).

4.  **ANALYSIS**

Plaintiffs argue that Defendants' removal of this action was improper because Defendants' failed to file for removal within 30 days of July 30, 2015—the date the Original Plaintiffs filed the Omnibus Pleading. In response, Defendants assert that because (1) upon bifurcation, this case

contained two separate pleadings before the state court (i.e., one for certiorari review (the Omnibus Pleading) and one for violations of Wisconsin's open records law) and (2) the circuit court has since dismissed the certiorari action, the Court should not treat Plaintiffs' Omnibus Pleading as the operative pleading when determining whether removal was timely. (Docket #14 at 1–2). Instead, Defendants argue, the Court must treat Plaintiffs' Second Amended Complaint as the operative pleading. (*Id.*) Defendants believe that, at the time the Omnibus Pleading was bifurcated, it would have been futile for them to attempt to remove the open records claim because it contained only a claim under Wisconsin law. (*Id.* at 2). According to Defendants, "[i]t was only after Plaintiffs amended that open records pleading on September 21, 2020 to include federal claims under 42 U.S.C. § 1983 and the U.S. Constitution that federal claims were asserted and Defendants sought removal." (*Id.*)

To be sure, Plaintiffs' case before the Milwaukee County Circuit Court eventually involved two pleadings—but it was originally a single pleading. From July 30, 2015 through October 7, 2015 (i.e., more than thirty days from when they filed the state case), the Original Plaintiffs had only filed the Omnibus Pleading. Then, after the state court bifurcated the proceedings, both the Omnibus Pleading and Plaintiffs' Second Amended complaint existed simultaneously, but separately, until June 20, 2016, the date that the circuit court dismissed Plaintiffs' petition for certiorari. Although Plaintiffs' Fifth Amended Complaint, which is an amendment of the Second Amended Complaint filed in October 2015, contains federal claims against Defendants, Defendants do not make clear why this Court should disregard the federal claims the Original Plaintiffs' alleged in their Omnibus Pleading.

Defendants argue that the Court must treat the Omnibus Pleading as part of a case separate from that of the Second Amended Complaint. The Court does not agree. In *Concerned Citizens of Caro v. Michigan Ethanol, LLC*, 396 F. Supp. 2d 814, 818 (6th Cir. 2005), the Sixth Circuit determined that, notwithstanding the state court's approval of the parties' stipulation to sever claims, the state court did not create two lawsuits for purposes of remand. The Sixth Circuit found it instructive that the underlying state court case proceeded as "only one case with a single caption and case number." *Id.* It added that "[t]he manner in which the state court chooses to administer the lawsuit or divide the claims for separate trials or other adjudicative treatment cannot turn one lawsuit into two for the purpose of the removal statute and the review of jurisdiction that must occur in every federal civil action." *Id.* The Court concurs with the Sixth Circuit's reasoning, and, thus, will not treat Plaintiffs' Second Amended Complaint as the creation of a new case. Thus, it considers the Original Plaintiffs' Omnibus Pleading as the operative pleading for determining whether this case should be remanded.

The Court now turns to Defendants' argument that "the certiorari petition cannot be read as an action 'arising under' the United States Constitution." (Docket #14 at 2). First, Defendants attempt to minimize the presence of federal claims within the Omnibus Pleading. (*See id.*) ("[I]n the course of the 53-page certiorari petition, the Plaintiffs mention a violation of their due process rights . . . ."). However, the Original Plaintiffs did more than mention Defendants' alleged due process violations. In fact, the Original Plaintiffs began one section of their Omnibus Pleading with the following heading: "The Appeal Process Provided to the [Original Plaintiffs] violated Due Process." (Docket #2-1 at 21). On the following

pages, the Original Plaintiffs claimed that ERS violated their right to due process under the Fourteenth Amendment by (1) failing to provide them with certain documentation, (2) destroying documents, (3) depriving them of the ability to confront witnesses, and (4) failing to provide an impartial decision maker. (*Id.* at 21–27). The Original Plaintiffs clearly referenced the Fourteenth Amendment and provided both citations to and quotations from federal Supreme Court decisions discussing due process. (*See id.*) The Original Plaintiffs requested (1) declaratory relief that they were denied due process, (2) attorneys' fees, and (3) that the circuit court vacate the Pension Board's decision and remand the case for a new hearing. (*Id.* at 26–27).

Defendants argue that the Original Plaintiffs' federal claims are collateral because the Original Plaintiffs sought "exclusive relief pursuant to the state's certiorari statute, and relief under that state statute did not require resolution of [their] due process arguments." (Docket #14 at 2). According to Defendants, because the Original Plaintiffs' claims were merely collateral to certiorari review, if Defendants had sought to remove the Original Plaintiffs' petition for certiorari on the basis of those claims, such removal would have been denied. (*Id.* at 2–3). Essentially, Defendants take on the role of the Court in assuming (with scant support) that, had they pursued a different litigation strategy five years ago, they would have lost. The Court finds this argument unavailing, especially because, pursuant to 28 U.S.C. § 1441(c)(2), a federal district court could have severed the Original Plaintiffs' non-removable claims, such as their claim for certiorari review pursuant to Wisconsin Statute section 68.13, and remanded them back to state court, all the while entertaining the Original Plaintiffs' due process claims against Defendants.

Finally, the Court notes that Plaintiffs' Fifth Amended Complaint does not substantially alter the nature of Plaintiffs' case against Defendants, so much so that it would re-set the 30-day time limit for removal. The Court also agrees that, like *Wilson*, "this case illustrates very nicely the purposes behind the 30-day limitation," because "[r]emoval long after the original complaint had been filed and substantial proceedings . . . had taken place in the state courts interrupted an active litigation, thus reducing judicial economy. . . ." 668 F.2d at 966.

5.   **CONCLUSION**

Based on the foregoing, the Court will grant Plaintiffs' motion to remand, (Docket #12), and will remand this case back to the Milwaukee County Circuit Court. At this juncture, the Court will also deny as moot Defendants' motion to partially dismiss Plaintiffs' Fifth Amended Complaint, (Docket #17).

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to remand (Docket #12) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **REMANDED** to the Milwaukee County Circuit Court; and

**IT IS FURTHER ORDERED** that Defendants' motion to partially dismiss Plaintiffs' Fifth Amended Complaint (Docket #17) be and the same is hereby **DENIED** as moot.

The Clerk of the Court is directed to take all appropriate steps to effectuate the remand of this case back to the Milwaukee County Circuit Court.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge